CATHARINE L. WING, PLAINTIFF, *v.* IRENE E. SCHRAMM, DEFENDANT.

*Chap.* 90 *of* 1860 — *conveyance by married woman under— assent of husband to — effect of failure of.*

Under section 3 of chapter 90 of 1860, providing that " any married woman possessed of real estate as her separate property may bargain, sell and convey such property, and enter into any contract in reference to the same; but no such conveyance or contract shall be valid *without the assent in writing of her husband*", a conveyance by a married woman of her real estate was good as against all the world but her husband.

The assent of the husband need not be given prior to, or at the time of the delivery of the deed, but may be subsequent thereto.

MOTION for a new trial on a case and exceptions.

This was an action of ejectment brought to recover possession of certain real estate in the city of Brooklyn, with damages for the withholding of the possession of the same. The action was tried

before the court without a jury. The justice before whom the action was tried found that the plaintiff was the wife of Edmund Yenni from June 19, 1856, to October 7, 1862, when the plaintiff obtained a decree of absolute divorce from the said Edmund Yenni; that the plaintiff became seized of the premises in the complaint mentioned, under and by virtue of a deed made to her as grantee therein, subject to a certain mortgage for $3,500 and interest, the amount of which said mortgage formed part of the consideration money therefor, and the payment whereof was assumed by her; that the balance of said consideration money expressed in said last-mentioned deed was paid by plaintiff's said husband, Edmund Yenni.

On or about September 5, 1861, the plaintiff executed and delivered to one Antoinette Yenni the deed of said premises, set forth and as alleged in defendant's answer herein. The said deed was drawn and its execution procured, and the same was delivered to the grantee therein named by the plaintiff's said husband, Edmund Yenni, and the grantee therein named took possession of said premises thereunder.

After the said decree of divorce, the plaintiff's said husband, Edmund Yenni, at the request of the grantee therein named, who was then in possession of said premises, indorsed upon the said deed, and executed and delivered to said grantee a writing in the words and figures following: " I hereby consent to the within conveyance and approve of the same. New York, September 12, 1861. E. YENNI." (Seal.)

The consideration expressed in said last-mentioned deed, to wit: $6,000, was made up and paid by the assumption of mortgages and other charges upon the property, and by the payment of $500 in cash, whereof the plaintiff herself received $300 and her said husband the balance, which was by him applied to the support and maintenance of his said wife.

Afterwards, said Antoinette Yenni paid and discharged the said mortgage for $3,500, and all arrears of interest thereon, and also all taxes then due and owing upon said premises at the time of said conveyance. Afterwards said Antoinette Yenni died, leaving her last will and testament, which was duly admitted to probate, and the executor thereof, under and by virtue of the power thereby conferred upon him, for a good and valuable consideration by him received, con-

veyed the said premises to defendant by the deed mentioned and alleged in the answer herein, and the defendant received the same in good faith, and without notice or knowledge that said consent had been in fact indorsed upon said deed of September 5, 1861, subsequent to said divorce.

The defendant took possession of said premises upon the delivery of said deed to her, and since then has used and occupied the same, has made improvements, betterments and additions thereto, and has also paid the taxes, insurance, interest and repairs thereon.

As conclusions of law, the justice found, "that said deed of September 5, 1861, is not valid, and the plaintiff is not bound thereby, because the same was without the consent in writing of her said husband while he was her husband; that by reason of the premises the defendant has the rights of a mortgagee in possession, and as such is entitled to receive repayment of the amounts so advanced, allowed and paid by her said grantor, as the consideration for the conveyance to her of said premises as aforesaid, over and above the liens thereon at the time said conveyance by plaintiff was made, and all amounts subsequently paid by her or the defendant for like purposes, or for improvements, betterments, additions to, and assessments upon said premises, with interest upon the several items of the same, and upon payment thereof the plaintiff will be entitled to the possession of said premises."

*C. E. Tracy*, for the plaintiff.

*G. N. Reynolds* and *Nehemiah Millard*, for the defendant.

DYKMAN, J.:

On the 15th day of April, 1857, the plaintiff was the wife of Edmund Yenni, and on that day he caused the premises in question to be conveyed to her. He paid all of the purchase-money that was paid, and she paid nothing. On the 5th day of September, 1861, the plaintiff, at the request of her husband, executed and delivered to his mother, Antoinette Yenni, a full covenant warranty deed of the premises, and the grantee took possession. At that time section 3 of chapter 90 of the Laws of 1860 was in force and had not been amended, and it reads as follows: "Any married

woman, possessed of real estate as her separate property, may bargain, sell and convey such property, and enter into any contract in reference to the same, but no such conveyance or contract shall be valid without the assent, in writing, of her husband, except as hereinafter provided." This section was amended by chapter 172 of the Laws of 1862, by leaving out that part which required the husband's assent.

The husband of the plaintiff did not make a written consent to her conveyance to her mother until after she obtained an absolute divorce against him in October, 1862, and then he made the following indorsement on the deed :

"I hereby consent to the within conveyance and approve of the same.

NEW YORK, *September* 12, 1861.

E. YENNI." [SEAL.]

The grantee in this conveyance died seized of the premises, and left a last will and testament, which contained a power of sale, and under that her executor conveyed the premises to the defendant, for value, in January, 1873. The consent of the plaintiff's husband was then indorsed on her deed, and the defendant had no notice of any defect or irregularity. The defendant, therefore, is a *bona fide* purchaser.

If under this state of facts the plaintiff can recover these premises, then the law of 1860 will have worked a result which shows that it was not amended any too soon. She never had any equity in the premises. She never paid a dollar on the purchase-money, and she made her full covenant warranty deed and suffered it to be spread upon the records, and then laid by until the defendant became the purchaser for full value, without sounding any note of alarm, or asserting any right.

Now, what is meant by the provision in section 3 of the Law of 1860 ? That no conveyance of a married woman shall be valid without the assent, in writing, of her husband. One thing intended was to give the husband some control over the alienation of his wife's land, and it is very reasonable to suppose that that was the only aim and intention of the section. To provide that the con-

veyance should not be valid against him and his marital rights without his assent in writing. If this is the true construction, then the grantee in such conveyance took a title valid against the world, except the husband, and all that was necessary was the written assent of the husband to the conveyance.

When the plaintiff executed her conveyance for these premises it was valid as against her, and it only remained for her husband to signify his assent to the same in writing to render it valid and effectual in every respect. He did assent to it in writing about a year after it was given. No time is specified within which such assent shall be made, and the most that can be claimed for the plaintiff is, that until it was given she could have revoked her deed. She did not, however, make the revocation, and the assent was given. The demands of the statute were complied with, and it matters not that the assent was given after the delivery of the deed.

An objection against the validity of the husband's assent is raised on the ground that he made it after his wife had obtained against him an absolute divorce; but if this provision was enacted for his benefit, to enable him to restrain her in the conveyance of her property, then he had the power and the right to make the assent after the divorce. He was the only person who could give such assent, and it was in the interest of justice that it should be given.

We think a new trial should be granted, with costs to abide the event.

BARNARD, P. J., concurred; GILBERT, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.